## Case No. 24.

### The ACADIA.

[1 Brown's Adm. 73.][1]

District Court. N. D. Ohio. June, 1859.

TOWAGE—ADMIRALTY—PRACTICE—EFFECT OF GIVING BOND.

1. Towage services are maritime in their character.

2. The giving of a stipulation to answer judgment is a waiver of an illegal service of process.

In admiralty. Exceptions to a libel for services rendered in towing the Acadia from Detroit to Lake Huron, in June, 1857. [Overruled.]

The libel alleged that the service was maritime, and that the libellants had also a lien by virtue of the laws of Michigan when

[1][Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

the services were rendered. The warrant of arrest was issued and placed in the hands of the late Marshal Fitch, after his term of office had expired. The vessel, however, was arrested by him, and the owners thereupon gave the stipulation required by the rules to pay any decree that might be rendered against her, and she was thereupon released.

Exceptions were filed to the libel upon the following grounds: (1) That the vessel had never been legally seized, and the stipulation was therefore void. (2) That the service set up in the libel was not maritime in its nature.

Willey & Carey, for libellant.
C. W. Palmer, for claimant.

WILLSON, District Judge. It is too late now to move the dismissal of the libel. The giving of a voluntary bond by the owner is a waiver of any defect in the service of the process. He should have moved the discharge of the vessel before giving the bond. For the purpose of hearing motions the court is always open. The averments in the libel are sufficient, and the service is maritime.

Exceptions overruled.